IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MERRILY ARENT                                                    PLAINTIFF

v.                                    1:08CV00042 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                       DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff, Merrily Arent, has appealed the final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs (docket entries #9 and #10), and the issues are now joined and ready for disposition.[1]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[2] "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision." *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge. (Docket entry #4.)

[2] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

Plaintiff alleged that she was limited in her ability to work by anxiety, depression, bipolar disorder, bad knees, alcohol abuse, chronic bronchitis, asthma, and hepatitis C. (Tr. 211.) After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge ("ALJ") concluded that Plaintiff had not been under a disability,[3] within the meaning of the Social Security Act, at any time through April 25, 2008, the date of his decision. (Tr. 21.) On June 12, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 4-6.) Plaintiff then filed her Complaint initiating this appeal. (Docket entry #2.)

Plaintiff was 47 years old at the time of the hearing. (Tr. 617.) She is a high school graduate with some college. (Tr. 215, 617, 619.) She has past relevant work as a factory worker and housekeeper. (Tr. 21, 617, 640.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. Step 1 involves a determination of whether the claimant is involved in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(a)(4)(i) (2005), §416.920. If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*, § 404.1520(b), § 416.920.

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(4)(ii), § 416.920. If not, benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, §

---

[3]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) & 1382c(a)(3)(D).

404.1520(a)(iii), § 416.920.[4]  If so, and the duration requirement is met, benefits are awarded.  *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity, despite the impairment(s), to perform the physical and mental demands of past relevant work.  *Id.*, § 404.1520(4)(iv), § 416.920.  If so, benefits are denied.  *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 404.1520(4)(v), § 416.920.  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since her alleged onset date (Tr. 15); (2) had "severe" impairments, including major depression, anxiety, hepatitis C, back pain, and knee pain (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 16); was not credible (Tr. 18); (4) retained the RFC for unskilled light work in settings that did not have concentrated exposure to strong fumes; she also was moderately limited in concentration, persistence, and pace and in dealing with fellow workers (Tr. 16); and (5) was capable of performing her past relevant work as a shirt factory worker.  (Tr. 21.)  Thus, the ALJ concluded that Plaintiff was not disabled.  *Id.*

Plaintiff argues that the ALJ erred: (1) in not finding that she met a Listing; (2) in his credibility determination; and (3) in failing to assess her mental impairment, fatigue, degenerative joint disease, and obesity.  The Court will address each of these arguments separately.

First, Plaintiff disagrees with the ALJ's conclusion that she did not meet or equal a Listing.  (*Pltff.'s App. Br.* at 3, 11, 14.)  Plaintiff did not, however, indicate which Listing she felt she met or point to evidence in the record which would support such an argument.  Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not enough merely to mention a possible argument in the most

---

[4]If the claimant's impairments do not meet or equal a Listing, then the ALJ must determine the claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence.  *Id.*, § 404.1520(e).  This RFC is then used by the ALJ in his analysis at Steps 4 or 5.  *Id.*

>skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to be mind[]readers. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace."

*United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), *cert. denied*, 494 U.S. 1082 (1992) (citations omitted); *accord, Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); *Perez v. Barnhart*, 415 F.3d 457, 462 n.4 (5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); *Hartmann v. Prudential Ins. Co. of America*, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); *Leer v. Murphy*, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

Second, Plaintiff argues that the ALJ erred in evaluating her credibility. (*Pltff.'s App. Br.* at 10-16.) The ALJ evaluated Plaintiff's subjective complaints in accordance with the factors outline in the regulations:

>Factors relevant to your symptoms, such as pain, which we will consider include:
>(i) Your daily activities;
>(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
>(iii) Precipitating and aggravating factors;
>(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
>(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2006).[5]

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, the effectiveness of her medications, Plaintiff's daily activities, her functional capabilities, and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints. *See, e.g., Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

Plaintiff's treating physician was Donald Lamoureaux, D.O., who she saw on a monthly basis. (Tr. 466-550, 581-603[6].) The notes from almost every visit reflect that her medications were working well for her:  September 27, 2005,[7] "medications are working well for her; no new complaints"; October 26, 2005, "medication is effective" (Tr. 491), "anxiety is controlled with current medications" (Tr. 492), "pain well controlled with current medications" (Tr. 493); December 21, 2005, "depression is controlled with current medication(s)" (Tr. 531), her pain was not controlled, however, and she wanted an increase in her hydrocodone (Tr. 531-32); January 19,

---

[5]The ALJ also cited Social Security Ruling 96-7p. (Tr. 17.) That Ruling tracks *Polaski* and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). While the ALJ did not cite or discuss the Eighth Circuit's decision in *Polaski*, he applied the *Polaski* factors in evaluating Plaintiff's credibility. Under these circumstances, the Court concludes the ALJ's failure to cite *Polaski* does not rise to the level of reversible error. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

[6]There is a considerable amount of duplication of his records, *e.g.*, 491, 527; 489, 522; 487, 520.

[7]This was two days before her alleged onset date. (Tr. 211, 617.)

2006, "current medications(s) work well for her" (Tr. 533); February 16, 2006, "current medication(s) working well for her" (Tr. 535), "pain well controlled with current medication" (Tr. 536); March 16, 2006, "anxiety is controlled with current medication" (Tr. 537); April 20, 2006, "current medication(s) work well for her" (Tr. 542); May 18, 2006, "current medication(s) work well for her" (Tr. 543); June 15, 2006, "current medication(s) work well for her" (Tr. 583), "pain well controlled with current medications (Tr. 584); July 13, 2006, "current medication(s) work well for her" (Tr. 585); August 15, 2006, "current medication(s) work well for her" (Tr. 586); September 14, 2006, "current medication(s) work well for anxiety, and chronic knee pain" (Tr. 590); October 12, 2006, "current medication(s) work well for anxiety, and chronic knee pain" (Tr. 592); November 13, 2006, "current medication(s) work well for anxiety, and chronic knee pain" (Tr. 594); December 13, 2006, "current medication(s) work well for anxiety, and chronic knee pain" (Tr. 594); January 11, 2007, "current medication(s) work well for anxiety, and chronic knee pain" (Tr. 599); February 28, 2007, "current medication(s) work well." (Tr. 601.)  There are no entries in the record of later medical treatment.  Impairments that are controllable or amenable to treatment do not support a finding of total disability.  *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003); *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999).

     Plaintiff testified that she drew unemployment after her last job.  An application for unemployment compensation benefits adversely affects a claimant's credibility.  *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991); *see Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).  In Arkansas, an unemployed worker must be "physically and mentally able to perform suitable work, and [be] available for such work" in order to draw unemployment benefits.  A.C.A. § 11-10-507(3)(A) (2007).  This is clearly inconsistent with a claim of disability during the same period of time.  *Barrett, supra*.

     It appears that Plaintiff believed that she was capable of work.  She had been hired at a nursing home, but did not go to work when cancer was diagnosed in her then-fiancé.  (Tr. 636.)

The ALJ's credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. (Tr. 17-21.) *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Finally, Plaintiff contends that the ALJ failed to assess her mental impairment, fatigue, degenerative joint disease, and obesity. (*Pltff.'s App. Br.* at 10, 14-15.) He discussed her mental impairments at some length. (Tr. 16, 17, 19-20.) He mentioned the fact that she considered her mental problem to be the most significant of her limitations. (Tr. 17.)

The ALJ indicated that the effects of Plaintiff's obesity were considered in accordance with Social Security Ruling 02-1p[8] and were reflected in his RFC determination. (Tr. 16.) Actually, that was more than was required under the circumstances. It is significant that Plaintiff did not allege disability based on her obesity in her application for benefits or at the administrative hearing.[9] *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

More importantly, there is no evidence in the record that Plaintiff's obesity imposed any limitations on her ability to work. *Id.*; *see Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004) (although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).

The ALJ discussed her hepatitis C and fatigue. (Tr. 18.) He noted that she was not even sure that her hepatitis was active. (Tr. 18, 626.) She testified that, when it flared up, she had fatigue, but she just worked through it and did not go the doctor. (Tr. 628-30.) On her alleged onset date,

---

[8]That Ruling does not mandate any special procedures for evaluating obesity.

[9]She testified that she was five feet six inches tall and weighed about 185 or 190 pounds. There was no further mention in her testimony of her obesity or its limiting effects. (Tr. 621.)

September 29, 2005, Plaintiff went to the doctor and complained of increased fatigue, stress, and depression. (Tr. 524.) She also reported being treated badly at work and did not want to go back. *Id.* Her doctor instructed her to go to work the next morning. (Tr. 526.) October 26, 2005, she felt tired. (Tr. 527.) By November 23, 2005, she had no "blood problem." (Tr. 530.)

Finally, the ALJ also discussed her degenerative joint disease at some length. (Tr. 17, 18-19.) Thus, contrary to Plaintiff's assertion, the Court concludes that the ALJ adequately assessed her mental impairment, fatigue, degenerative joint disease, and obesity.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Court further concludes that the ALJ's decision is not based on legal error.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is hereby dismissed, with prejudice.

DATED this 28th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE